# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

April 3, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Christie A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1472-BAH

Dear Counsel:

On June 15, 2022, Plaintiff Christie A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 6, the parties' cross-motions for summary judgment, ECFs 10 and 12, and Plaintiff's reply brief, ECF 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will GRANT Plaintiff's motion insofar as it seeks remand, DENY Defendant's motion, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits on December 26, 2019, alleging a disability onset of April 1, 2014. Tr. 173–82. Plaintiff's claim was denied initially and on reconsideration. Tr. 94–97, 100–04. On October 14, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 28–70. Following the hearing, on December 9, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 10–17. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-

---

[1] 42 U.S.C. §§ 301 et seq.

*Christie A. v. Kijakazi*
Civil No. 22-1472-BAH
April 3, 2023
Page 2

step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of April 1, 2014 through her date last insured of December 31, 2019."  Tr. 12.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "lumbar degenerative disk disease, left synovial cyst, obesity, anemia, and lymphedema."  *Id.*  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypothyroidism, Gastroesophageal Reflux Disease (GERD), . . . uterine fibroids," and "anxiety."  Tr. 13.  At step three, the ALJ determined that, "[t]hrough the date last insured," Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 14–15.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except she could not climb ladders or scaffolds.  She could engage in the occasional climbing of ramps and stairs, stooping, kneeling, crouching, crawling, and balancing."  Tr. 15.  After considering testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff could perform past relevant work as a "Central Office Equipment Engineer (D.O.T.#[2]: 003.187-010, SVP 8, sedentary)."[3]  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 17.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[3] In the decision, the ALJ noted that Plaintiff could perform this job "as actually performed" per the VE's testimony.  Tr. 17.  However, the VE testified that a person with Plaintiff's RFC could only perform the job as generally performed (at the sedentary level), *not* as Plaintiff actually performed it (at the medium exertional level).  *See* Tr. 64–64.  Such a typographical error does not warrant remand where, as here, the ALJ's "intent is clear."  *See Michael C. v. Kijakazi*, No. 22-0029-BAH, 2022 WL 13945281, at *4 (D. Md. Oct. 24, 2022) (citing *Douglas v. Astrue*, No. 1:09-1349-CMC-SVH, 2010 WL 3522298, at *3 (D.S.C. Sept. 3, 2010)).

*Christie A. v. Kijakazi*
Civil No. 22-1472-BAH
April 3, 2023
Page 3

application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Laws*, 368 F.2d at 642.  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises two arguments on appeal, specifically that: (1) the ALJ's RFC assessment is not supported by substantial evidence because he did not provide a function-by-function analysis and (2) the ALJ failed to follow Social Security Ruling ("SSR") 19-2p, 2019 WL 2374244 (S.S.A. May 20, 2019), which dictates how ALJs assess a claimant's obesity in the sequential evaluation process.  ECF 10-1, at 4–26.  Defendant counters that the ALJ conducted a proper function-by-function analysis in the RFC and the ALJ properly considered Plaintiff's obesity and anemia.  ECF 12-1, at 5–15.

I begin with Plaintiff's second argument because I find it dispositive.  Because "[p]eople with obesity have a higher risk for other impairments[] and the effects of obesity combined with other impairments can be greater than the effects of each of the impairments considered separately," SSR 19-2p "provide[s] guidance . . . on how [ALJs] establish that a person has a[ medically determinable impairment] of obesity, and how [ALJs] evaluate obesity in disability claims."  2019 WL 2374244, at *2.  ALJs consider a claimant's obesity at steps two and three, and explicitly "must consider the limiting effects of obesity when assessing a person's RFC."  *Id.* at *4.

Here, the ALJ acknowledged that "Social Security Ruling 19-2p requires Administrative Law Judges to consider obesity in determining whether claimants have medically determinable impairments that are severe, whether those impairments meet or equal any listing, and finally in determining the residual functional capacity."  Tr.  12–13.  As noted above, the ALJ determined that Plaintiff's obesity was a severe impairment at step two.[4]  Tr.  12.  However, the remainder of

---

[4] The ALJ did not provide any analysis on how Plaintiff's obesity affects her functional abilities

*Christie A. v. Kijakazi*
Civil No. 22-1472-BAH
April 3, 2023
Page 4

the ALJ's analysis throughout sequential evaluation, including at step three and RFC formulation, are devoid of any mention of Plaintiff's obesity.  Tr. 15–17.  Nor is it otherwise clear from the ALJ's brief summary of Plaintiff's treatment history in the RFC analysis whether the ALJ considered Plaintiff's obesity and its combined effects on Plaintiff's abilities.[5]

Defendant argues that the ALJ properly considered Plaintiff's obesity—not because the ALJ followed SSR 19-2p,[6] but because the ALJ generally evaluated Plaintiff's obesity in conjunction with her anemia.  ECF 12-1, at 12–15.  Specifically, Defendant asserts that the record indicates Plaintiff's symptoms of fatigue and shortness of breath, symptoms of obesity and anemia, "were short-term symptoms following Plaintiff's hospitalization for anemia that quickly resolved with iron pills and did not meet the 12-month duration requirement of the Act."  ECF 12-1, at 12.

Defendant's argument misses the mark.  First, in determining that Plaintiff's obesity and anemia were severe at step two, the ALJ necessarily concluded that these impairments met the duration requirement.  Tr. 12; *see* 20 C.F.R. § 404.1520(a)(4)(ii).[7]  Thus, Defendant's argument that Plaintiff has not met the duration requirement is entirely misplaced.  Second, to the extent Defendant cites to evidence in the record to support her argument that Plaintiff's obesity does not warrant further limitations in the RFC, "[t]he Court 'may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.'" *Carroll v. Colvin*, No. TMD-14-921, 2015 WL 5008738, at *7 (D. Md. Aug. 20, 2015) (quoting *Haga v. Asrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007)); *see also Tylnne J. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-906, 2020 WL 1929525, at *3 (D. Md. Apr. 21, 2020) ("To credit the Commissioner's arguments would require the Court to supply the ALJ's missing rationale which it is not permitted to do.").

As Defendant explains, "[w]hen expressing the RFC finding, the ALJ need only provide enough discussion for the Court to meaningfully review it."  ECF 12-1, at 12 (citing *Mascio*, 780 F.3d at 636–37).  Contrary to Defendant's assertion, however, the ALJ did not provide such a discussion here.  Because I am unable to determine whether the ALJ considered Plaintiff's obesity

---

beyond finding that it "significantly limits . . . her physical or mental ability to do basic work activities"—the necessary condition of finding an impairment severe.  Tr. 13.

[5] The medical opinions of the State agency consultations, which the ALJ found persuasive, do not discuss Plaintiff's obesity either.  Tr. 71–92.

[6] In fact, Defendant fails to cite to SSR 19-2p at all in her motion.

[7] Defendant also erroneously frames the issue as whether Plaintiff's fatigue and shortness of breath—i.e., her *symptoms*—meet the duration requirement, not the *impairment* from which these symptoms stem.  *See* 20 C.F.R. § 404.1509 ("Unless your *impairment* is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." (emphasis added)); ECF 12-1, at 12 ("But as the Commissioner will show, Plaintiff's fatigue and shortness of breath . . . did not meet the 12-month durational requirement of the Act.").

*Christie A. v. Kijakazi*
Civil No. 22-1472-BAH
April 3, 2023
Page 5

when formulating the RFC (or at the other steps of the sequential evaluation), I cannot meaningfully review the ALJ's decision.  *See Puryear v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3386, 2016 WL 4444660, at *4 (D. Md. Aug. 23, 2016) (remanding where the ALJ found claimant's obesity to be a severe impairment but failed to discuss obesity at all in the RFC analysis).  "While some of [Plaintiff]'s functional and postural limitations may be attributable to obesity, without further analysis, I am unable to discern whether the ALJ properly considered any of its effects."  *Id.*

Such error is not harmless in this case.  As Plaintiff explains and the ALJ acknowledged at the hearing, if the ALJ had found the Plaintiff unable to complete her past relevant work as generally performed at the sedentary level at step four, he would have been constrained by the Medical-Vocational Guidelines to find her disabled.  Tr. 66–67; ECF 10-2, at 17 (citing 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 202.06).  Because it is unclear whether the ALJ considered Plaintiff's obesity as part of the RFC (or at step three), it is not clear whether the RFC adequately represents Plaintiff's RFC.  Thus, it is possible that, had the ALJ properly considered Plaintiff's obesity in the RFC analysis, the ALJ would have found Plaintiff disabled.  As such, this is not a case where the claimant has failed to demonstrate how the outcome might be different on remand, so the error is not harmless.  To be clear, in remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Though I am not remanding on the basis that the ALJ did perform a proper function-by-function analysis, on remand, the ALJ should also thoroughly discuss Plaintiff's ability to because the ultimate determination depends on Plaintiff's ability to perform sedentary work.  Again, I express no opinion on the ALJ's ultimate conclusion.

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 10, is GRANTED insofar as it seeks remand and Defendant's motion for summary judgment, ECF 12, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge